UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
REV. MS. LISA NIRBAN ROY,
a/k/a NIRBAN ROY,

                                    Plaintiff,

                    -against-

SUPREME COURT OF US, HON. J. RBERT,
USA GOVT, MR BILL OBAMA,
ALL STATES OF USA, US CONGRESS,
ASSOCIATED PRESS,
REPUBLICAN PARTY, and
DEMOCRATIC PARTY,

                                    Defendants.
--------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

**14-CV-1960 (NGG) (LB)**

## I.    BACKGROUND

On March 21, 2014, the court received a large packet of documents, with a return address

for "Rev. Ms. Lisa N. Roy, aka Nirban Roy," with an address in Staten Island.  The first page

consists of a generic complaint form for the United States District Court for the Southern District

of Florida.  The caption identifies "The Rev. Dr. Kamal K. Roy" as Plaintiff and "Supreme Court

of US, Hon. J. Rbert, USA Govt, Mr Bill Obama, All States of USA, US Congress, Associated

Press, Republican Party, Democratic Party" and other illegible entities as Defendants.  The form

is scrawled with various handwritten notations, mostly illegible.  Subsequent pages include

correspondence from the Internal Revenue Service addressed to "Nirban Roy" (2nd unnumbered

page) and "Handicap Interests International World Religions Group" and "Joseph Geronimo Jr."

(5th and 6th unnumbered pages); medical records for Lisa Roy (10th unnumbered page), and

canceled checks from "Lisa Nirban Roy" (16th unnumbered page).  Each page contains

incomprehensible handwritten notations, with references to the above-named entities and prior

1

court cases. A form request to proceed in forma pauperis captioned for the United States District Court for the Central District of California is enclosed, listing "Rev. Ms. Lisa N. Roy, aka Nirban Roy" as Plaintiff. The request to proceed in forma pauperis is GRANTED for the limited purpose of this Order. For the reasons set forth below, the action is DISMISSED.

## II.  DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The purpose of Rule 8 is to give a defendant fair notice of the claim or claims asserted so as to enable him or her to answer and prepare for trial. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). "When a complaint fails to comply with these requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint." Id. (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)). Plaintiff's submission fails to conform to the dictates of Rule 8.

Moreover, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed by a plaintiff proceeding in forma pauperis where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the

2

level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). As should be readily apparent from a casual reading of the Complaint, the claims in this case "rise to the level of the irrational or the wholly incredible." Id. Accordingly, the case merits dismissal pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The court has considered affording Plaintiff an opportunity to amend the complaint, cognizant that pro se complaints must be read liberally, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), and that leave to amend such complaints must be granted if "a liberal reading of the complaint gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). However, because the serious deficiencies in the Complaint are not such that could be cured by amendment, the court concludes that it would be futile to grant leave to amend the Complaint. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002).

## III.  FREQUENT FRIVOLOUS LITIGATION

Although this appears to be Plaintiff Lisa N. Roy's first complaint filed in this District, the court takes notice of the reference to "The Rev. Dr. Kamal K. Roy" in the Complaint, as well as overwhelming similarities between the instant filing and the multiple filings previously submitted by Kamal Karna Roy.

Kamal Karna Roy has an extensive history of litigation in this and other courts, and has been barred from filing any new in forma pauperis actions in this court without first obtaining leave of the court. See Roy v. Democratic Republic of USA, No. 08-CV-1257 (DLI), 2008 WL 3413898 (E.D.N.Y. Aug. 8, 2008) (enjoining Mr. Roy from filing any new in forma pauperis action and directing the Clerk of Court to return to Mr. Roy, without filing, any action that is received without an application seeking leave to file); see also Roy v. United States, No. 06-CV-

3

685 (SLR), 2007 WL 1109296, *1 (D. Del. Apr. 11, 2007, as amended Apr. 24, 2007) (collecting cases and summarizing Mr. Roy's nationwide history of litigation); Roy v. Doe, 13-CV-1757, 2013 WL 3246083 (S.D.Tex. 2013) (describing papers filed by Kamal K. Roy that included correspondence in the name of Lisa Roy).

Plaintiff Lisa N. Roy is hereby warned that the frequent filing of duplicative and frivolous litigation will result in the imposition of an injunction prohibiting her from filing an in forma pauperis complaint without the court's prior authorization. See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."); In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## IV.    CONCLUSION

For the reasons set forth above, the complaint is DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York      NICHOLAS G. GARAUFIS
      April **10**, 2014       United States District Judge

4